LOPEZ, JR., AQUILINO, Associate Judge.
The appellant Hutching posted bonds to answer eight charges pending against him in the Criminal Court of Record of' Orange County. The appellant insurance company was the surety on the bonds. Hutching failed to appear and an order of forfeiture was entered. Ten days later-Hutching submitted himself to the jurisdiction of the court and filed a motion to-discharge the forfeiture, which was denied. In the interim four of the charges were nolle prossed and the defendant entered pleas of guilty to the remaining four charges. The forfeiture was neither paid nor discharged within 30 days and the-county solicitor filed in the Circuit Court a certified copy of the order of forfeiture- and, pursuant to the provisions of § 903.-27, Fla.Stats., F.S.A., the Clerk of the Circuit Court entered judgment against Hutching and his surety. Approximately 30 days later Hutching and his surety filed a motion in the Circuit Court to vacate: *497 the judgment or to remit the forfeiture. The grounds of the motion were to the effect that the Criminal Court of Record erred in refusing to grant appellants’ motion for discharge of forfeiture and in having the forfeiture reduced to judgment. The appellants appealed from the order of the Circuit Court denying the motion, contending that the Circuit Court erred in failing to vacáte the judgment or in failing to order remission. We find no error and affirm.
Prior to 1961, §§ 903.21 to 903.30, Fla. Stats., F.S.A., expressly authorized the court that had entered judgment on an order of forfeiture to set aside the judgment for reasonable cause timely shown. In 1961 the legislature amended those sections of the statutes, thereby, among other things, deleting the provisions which conferred such authority, and adding § 903.-271 which specifically provides that no remission shall be made where a forfeiture has been reduced to judgment. Since the 1961 revision the procedures for discharge of forfeiture and/or remission must all be conducted in the court in which the bond was posted and there is no longer express statutory authority for the Circuit Court to set aside a judgment entered on an order of forfeiture certified from another court. Sec. 903.26, Fla.Stats., F.S.A. Remission after payment of a forfeiture may be directed only in the court where the bonds are posted. Sec. 903.28, Fla.Stats, F.S.A.
Having determined that the Circuit Court did not have the authority to either direct a remission or discharge a forfeiture, there remains only appellants’ contention that the judgment should have been vacated. Since no facts were alleged which would render the judgment void or which would entitle the appellants to relief from the judgment under the provisions of Florida Rule of Civil Procedure 1.38(b), 30 F.S.A. the Circuit Court properly dismissed the appellants’ motion to vacate judgment and for remission of forfeiture.
SMITH, C. J., and KANNER, (Ret.), T., concur.